IN THE UNITED STATES DISTRICT COURT
                          FOR THE NORTHERN DISTRICT OF TEXAS
                                    FORT WORTH DIVISION

DYLAN LERONE PERRY,                       §
         Petitioner,                      §
                                          §
v.                                        §     Civil Action No. 4:07-CV-493-Y
                                          §
NATHANIEL QUARTERMAN, Director,           §
Texas Department of Criminal Justice,     §
Correctional Institution Division,        §
         Respondent.                      §

                       **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
                          **OF THE UNITED STATES MAGISTRATE JUDGE**
                                   **AND NOTICE AND ORDER**

   This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

   This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

   Petitioner Dylan Lerone Perry, TDCJ # 00937106, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

   Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

   On July 25, 2000, pursuant to plea bargain agreements, Perry pled guilty to three separate

charges of delivery of a controlled substance in cause numbers 0766869D, 0766870D and 0766872D in the Criminal District Court Number Two of Tarrant County, Texas, and the trial court assessed his punishment at fifteen years' confinement in each case, the sentences to run concurrently.[1] (5State Habeas 1st Supp. R. at 65; 6State Habeas 1st Supp. R. at 65; 7State Habeas 1st Supp. R. at 64.)[2] Perry did not directly appeal his convictions or sentences. (Federal Petition at 3.)

Perry has filed or attempted to file seven state habeas applications raising one or more of the claims presented herein. The first four were dismissed for noncompliance with the form requirements of rule 73.1 of the Texas Rules of Appellate Procedure. *Ex parte Perry*, Application Nos. 64,759-01, 64,759-02, 64,759-03, & 64,759-04, at cover; TEX. R. APP. P. 73.1 & 73.2. The fifth, sixth and seventh applications, one for each conviction, were successfully filed on November 28, 2006, and denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on April 18, 2007. (5State Habeas 1st Supp. R. at cover, 2; 6State Habeas 1st Supp. R. at cover, 2; 7State Habeas 1st Supp. R. at cover, 2.) Perry filed three federal petitions, one for each conviction, on August 10, 2007.[3] As directed, Quarterman has filed a preliminary response to each petition addressing only the limitations issue, to which Perry has replied.

### D. ISSUES

Perry raises eight grounds for habeas relief. (Pet'r Memorandum at 6.)

---

[1] Perry and the state apparently entered into a "plea in bar" agreement as to a fourth charge. (Pet'r Memorandum, Exhibit #7.)

[2] "5State Habeas 1st Supp. R." refers to the supplemental record in Perry's state habeas Application No. WR-64,759-05. "6State Habeas 1st Supp. R." refers to the supplemental record in his state habeas Application No. WR-64,759-06. "7State Habeas 1st Supp. R." refers to the supplemental record in his state habeas Application No. WR-64,759-07.

[3] *See also Perry v. Quarterman*, Civil Action Nos. 4:07-CV-491-Y & 4:07-CV-492-A.

2

E.  STATUTE OF LIMITATIONS

Quarterman argues that Perry's federal petition for writ of habeas corpus should be dismissed with prejudice as time-barred. (Resp't Preliminary Resp. at 5-9.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The statute provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year

limitations period began to run upon expiration of the time that Perry had for filing a timely notice of appeal on August 24, 2000, and closed one year later on August 24, 2001, absent any tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Perry's state habeas applications, filed after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor is Perry entitled to tolling as a matter of equity. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman*, 184 F.3d at 402. In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Perry argues that he was misled by the trial court, the state, and his attorney concerning the exhaustion of his state remedies because he was informed and admonished in the plea agreement that, among other rights, he waived his right to seek state postconviction habeas relief as part of the plea agreement. (5State Habeas 1st Supp. R. at 63; 6State Habeas 1st Supp. R at 63; 7State Habeas 1st Supp. R. at 62.) Under Texas law, however, a waiver of a right to file an application for writ of habeas corpus is enforceable against a defendant when, as here, the waiver was knowingly, intelligently, and voluntarily given. *Ex parte Insall*, 224 S.W.3d 213, 214-15 (Tex. Crim. App. 2007); *Blanco v. Texas*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000). Thus, Perry was not actively misled by a party about the cause of action.

Perry's federal petition for habeas relief was due on or before August 14, 2001. His petition,

4

filed on August 10, 2007, is untimely.

## II. RECOMMENDATION

Perry's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 23, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 23, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

5

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 1, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE